UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARERH FAYEZ ALANAZI,

    Plaintiff,

v.                                             Case No: 6:19-cv-2230-Orl-28LRH

AVCO CORPORATION, PRECISION
AIRMOTIVE, LLC, VOLARE
CARBURETORS, LLC, TEMPEST PLUS
MARKETING GROUP, LLC, AERO
ACCESSORIES, INC., FORWARD
TECHNOLOGIES INDUSTRIES, INC.,
SYNERGY SYSTEMS, INC.,
CASHMERE MOLDING, INC., and
MARVEL SCHEBLER AIRCRAFT
CARBURETORS, LLC,

    Defendants.

## ORDER

Plaintiff, Sharerh Fayes Alanazi, filed this action in state court against nine Defendants: Avco Corporation; Precision Airmotive, LLC; Volare Carburetors, LLC; Marvel-Schebler Aircraft Carburetors, LLC; Tempest Plus Marketing Group, LLC; Aero Accessories, Inc.; Forward Technologies Industries, Inc.; Synergy Systems, Inc.; and Cashmere Molding, Inc. Defendant Forward Technologies removed the case to this Court, asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for the Court's subject-matter jurisdiction. (Notice of Removal, Doc. 1). On *sua sponte* review of the Notice of Removal and the record, however, the Court finds that Forward Technologies has failed to adequately allege diversity of citizenship.

Federal courts have not only "the power but also the obligation at any time to inquire

into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Here, Forward Technologies has sufficiently alleged its own citizenship and that of three of the four other incorporated Defendants—Avco Corporation; Synergy Systems, Inc.; and Cashmere Molding, Inc. But Forward Technologies' citizenship allegations are not sufficient with regard to Plaintiff, Aero Accessories, Inc., or any of the four LLC Defendants.

First, with regard to Plaintiff, Forward Technologies alleges merely that "Plaintiff is believed to be a resident and citizen of Florida." (Notice of Removal ¶ 2). But such a "believed to be" allegation is not sufficient. See, e.g., Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC, No. 1:16-CV-01375-ELR, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018) ("[A]lleging . . . 'upon information and belief' is insufficient to establish a party's citizenship, and thus, insufficient to establish diversity."); Wilkins v. Stapleton, Case No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts 'on information and belief.'" (emphasis in original)).

Second, as to the four LLC Defendants, Forward Technologies relies on "negative pleading" of citizenship, asserting that none of the members of these LLCs is a citizen of Florida. (Notice of Removal ¶¶ 4–7). But pleading that none of the members is a citizen of Florida is not sufficient to establish diversity; affirmative pleading of citizenship is required. See Cameron v. Hodges, 127 U.S. 322, 324 (1888) ("That the Defendant Hodges was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that state, is not sufficient to give jurisdiction . . . ."); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) ("Cameron remains the governing precedent."). The citizenship of each member of each LLC must be alleged.

2

See Adkins v. Family Dollar Stores of Fla., LLC, No. 3:18-cv-1257-J-34PDB, 2018 WL 5312024, at *1 (M.D. Fla. Oct. 26, 2018) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)).

Finally, Forward Technologies alleges that "Aero Accessories, Inc. is believed to have been a North Carolina corporation with its principal location in Gibsonville, North Carolina." (Notice of Removal ¶ 8). This "believed to have been" allegation is insufficient, and, as it did for the LLCs, Forward Technologies then alleges that "this entity" has no members who are citizens of Florida. (Id.).

In sum, the jurisdictional allegations of the Notice of Removal do not support diversity jurisdiction. But "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, it is **ORDERED** that **no later than Friday, December 13, 2019**, Forward Technologies shall file an amended notice of removal establishing this Court's subject-matter jurisdiction over this case.

**DONE and ORDERED** in Orlando, Florida, on November 26th, 2019.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3